IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL HOLLOWAY, | ) | |
| | ) | Case No: 1:16-cv-5039 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERIFIRST BACKGROUND | ) | COMPLAINT |
| SCREENING, LLC, | ) | |
| | ) | (Jury Trial Demanded) |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Angel Holloway, complains against VeriFirst Background Screening, LLC, as follows:

### Introduction

1. Angel Holloway ("Holloway") brings this claim against VeriFirst Background Screening, LLC ("VeriFirst") for monetary damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. Pursuant to the FCRA, a criminal background check report that is obtained for employment purposes is a consumer report. 15 U.S.C. § 1681a(d). Accordingly, a consumer reporting agency that creates criminal background check reports must implement reasonable procedures to ensure maximum possible accuracy of the information contained in those reports. 15 U.S.C. § 1681e(b).

5. VeriFirst inaccurately reported to Shiftgig Bullpen, Inc. ("Shiftgig"), Holloway's employer, that Holloway had over a dozen felony and misdemeanor charges against her, even though public records show that for several of the charges, the actual offenders were in custody at the time that Holloway was applying to work for Shiftgig.

### Parties

7. Plaintiff Holloway is a resident of the Northern District of Illinois and Cook County. She is a consumer as that term is defined by FCRA. 15 U.S.C. § 1681a(c).

8. Defendant VeriFirst, a Pennsylvania Limited Liability Company headquartered in West Chester, Pennsylvania, is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. § 1681a(f). VeriFirst regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

### Jurisdiction and Venue

9. The Court has subject matter jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

### Factual Allegations

11. In October 2014, Shiftgig hired Holloway as an hourly employee.

12. Shiftgig is a Delaware corporation that provides employees for temporary work assignments with Shiftgig clients. Shiftgig employees sign up for work shifts through a smart-phone app.

13. On October 17, 2014, VeriFirst reported criminal record information about Holloway to Shiftgig.

14. VeriFirst reported that Holloway had been convicted of multiple aggravated DUIs, domestic battery, possession of a controlled substance, possession of a firearm, multiple armed robberies, attempted armed robbery, and residential burglary.

15. VeriFirst's report suggested that these offenses took place within a span of less than two years.

16. The criminal record information that VeriFirst reported to Shiftgig was inaccurate.

17. In fact, according to VeriFirst's report, many of the individuals whom VeriFirst confused with Holloway were incarcerated in prison in October 2014 and could not possibly have applied for a job with Shiftgig at that time.

18. Additionally, on information and belief, the individuals who were convicted of the offenses in VeriFirst's report were not named Angel Holloway.

19. Because of VeriFirst's erroneous consumer report, Shiftgig terminated Holloway's employment in June 2015.

20. VeriFirst did not maintain reasonable procedures to ensure maximum possible accuracy of the information in the report about Holloway. In particular, Verifirst did not implement procedures sufficient to ensure that criminal record information of incarcerated individuals did not appear on the consumer report of an individual who was not incarcerated.

21. VeriFirst did not inform Holloway that it was reporting public record information to Shiftgig at the time that it reported such information, nor did VeriFirst maintain strict procedures to ensure that the information in VeriFirst's consumer report was complete and up to date. Specifically, VeriFirst failed to include in Holloway's consumer report the names of the actual criminal defendant(s) whose criminal charges it reported.

3

**Fair Credit Reporting Act Requirements**

22. Pursuant to the FCRA, a criminal background check report that is obtained from a consumer reporting agency for employment purposes is a consumer report. 15 U.S.C. § 1681a(d).

23. VeriFirst is a consumer reporting agency because it regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. 15 U.S.C. § 1681a(f).

**Count One – 15 U.S.C. 1681e(b)**

24. Plaintiff realleges the previous paragraphs of this Complaint as if fully set forth herein.

25. VeriFirst willfully failed to maintain reasonable procedures to ensure the maximum possible accuracy of information in its reports, in violation of 15 U.S.C. § 1681e(b).

26. VeriFirst's willful violation of 15 U.S.C. § 1681e(b) caused Holloway to suffer damages, for which damages VeriFirst is liable under 15 U.S.C. § 1681n.

27. In the alternative, VeriFirst negligently failed to maintain reasonable procedures to ensure the maximum possible accuracy of information in its reports, in violation of 15 U.S.C. § 1681e(b).

28. VeriFirst's negligent violation of 15 U.S.C. § 1681e(b) caused Holloway to suffer actual damages, for which damages VeriFirst is liable under 15 U.S.C. § 1681o.

**Count Two – 15 U.S.C. § 1681k**

29. Plaintiff realleges the previous allegations of this Complaint as if fully set forth herein.

30. VeriFirst did not notify Holloway that it was reporting public record information about her to Shiftgig at the time that it reported such information.

31. VeriFirst willfully failed to maintain strict procedures to ensure that public record information contained in its consumer reports furnished for employment purposes was complete and up to date, in violation of 15 U.S.C. § 1681k.

32. VeriFirst's willful violation of 15 U.S.C. § 1681k caused Holloway to suffer damages, for which damages VeriFirst is liable under 15 U.S.C. § 1681n.

33. Alternatively, VeriFirst negligently failed to maintain strict procedures to ensure that public record information contained in its consumer reports furnished for employment purposes was complete and up to date, in violation of 15 U.S.C. § 1681k.

34. VeriFirst's negligent violation of 15 U.S.C. § 1681k caused Holloway to suffer damages, for which damages VeriFirst is liable under 15 U.S.C. § 1681o.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award actual, statutory, or punitive damages against Defendants to Plaintiff as provided in 15 U.S.C. § 1681n;

B. Award actual damages against Defendants to Plaintiff as provided in 15 U.S.C. § 1681o.

C. Award Plaintiff her attorneys' fees pursuant to 15 U.S.C. § 1681n;

D. Award Plaintiff her costs pursuant to 28 U.S.C. § 1920; and

E. Grant all such additional relief as the Court deems appropriate.

### **Jury Demand**

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

                Respectfully submitted,

                s/ Christopher J. Wilmes
                One of the Attorneys for Plaintiffs

Matthew J. Piers (IL Bar # 2206161)
Christopher J. Wilmes (IL Bar # 6287688)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100